**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KIM ANTOINE,

    Plaintiff,

vs.                                                                        CASE NO. 3:08-cv-787-J-12TEM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

    Defendant.
_____

## O R D E R

This case is before the Court on the Defendant's Motion to Compel and Motion for Order to Show Cause (Doc. #7), which was filed in state court and removed with the case to federal court on August 7, 2008. On August 20, 2008, Defendant filed its Memorandum of Law in Support of Defendant's Motion to Compel and Motion for Order to Show Cause (Doc. #8), in accordance with Local Rule 4.02(c). The time for response has expired, thus the motion is ripe for the Court's consideration. See M.D. Fla. Loc. R. 4.02(c), 3.01(b).

Defendant states the request for an order to show cause, as stated in the instant motion, is moot (Doc. #8 at 2). Defendant also states the request to order responses to Defendant's Interrogatories is moot (Doc. #8 at 2). Defendant avers responses to the Defendant's First Request to Produce remain outstanding and requests the Court compel production (Doc. #8 at 2-5). To date, no response to the instant motion has been filed.

Review of the case docket reveals the parties met and conferred under Fed. R. Civ. P. 26(f) on September 18, 2008. A case management report was filed on October 2, 2008 (*see* Doc. #13). Discovery should be ongoing in this case. *See Logsdon v. Duron, Inc.*,

No. 3:05-cv-243-J-16HTS, 2005 WL 2122674 (M. D. Fla. Sept. 2, 2005) (questioning whether the restraints of conducting discovery prior to the case management conference apply in matters that have been removed from state court where the discovery requests were propounded prior to removal).

There is no evidence in the file indicating that Plaintiff has supplied Defendant with the information sought through the discovery requests. Moreover, Plaintiff has not filed a response in opposition to the motion to compel.

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch v. E.I. DuPont Nemours and Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

The Court has considered this matter and, accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Compel and Motion for Order to Show Cause is **GRANTED IN PART**. Plaintiff shall produce all documents in her possession, custody or control that are responsive to the discovery requests for production that are the subject of this motion. See Doc. #8, detailing the outstanding requests for production. Plaintiff's compliance is ordered **within ten (10) days** of the date of this Order. Any objection as to privilege is preserved and subject to Plaintiff's proper submission of a detailed privilege log.

2. Defendant's instant motion (Doc. #7) is otherwise **DENIED AS MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of October, 2008.

Copies to:
All counsel of record
*Pro Se* parties, if any

THOMAS E. MORRIS
United States Magistrate Judge