UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIM ANTOINE,

Plaintiff,

v.  No.3:08-cv-787-J-12TEM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.

## ORDER

This cause is before the Court on three pending motions: 1) Plaintiff Kim Antoine's Motion to Remand (Doc. 20); 2) Defendant State Farm Mutual Automobile Insurance Company's (State Farm) Motion to Strike and/or Dismiss Plaintiff's Amended Complaint (Motion to Strike/Dismiss) (Doc. 23); and 3) Defendant Hiday & Ricke, P.A.'s (Hiday & Ricke) Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment (Motion for Judgment/Summary)(Doc. 30/34). On December 10, 2008, the Court conducted a hearing on the pending motions. For the reasons set forth below, the Court will grant Defendant State Farm's Motion to Strike/Dismiss and will strike Plaintiff's Amended Complaint (Doc.19), but will grant Plaintiff leave to file a Second Amended Complaint as to Defendant State Farm only. As a result, Plaintiff's Motion to Remand and Defendant Hiday and Ricke's Motion for Judgment/Summary will be denied as moot.

Procedural History

Because the procedural history of this case is significant in the Court's resolution of the parties' motions, the Court sets it out in some detail. On January 31, 2008, the Plaintiff filed her one-count Complaint (Doc. 2) for malicious prosecution in the Fourth Judicial Circuit Court, Duval County, Florida. Defendant State Farm was the only defendant named in that Complaint (Doc. 2), and on August 7, 2008, after engaging in some discovery to establish the amount in controversy, State Farm filed a Notice of Removal (Doc. 2). See Doc. 2 at ¶¶ 5-8 and attachments.

The Defendant's [State Farm's] Motion to Dismiss, Alternative Motion for a More Definite Statement and Motion to Strike Claim for Attorney Fees and Punitive Damages (Motion to Dismiss)(Doc. 4) was pending at the time of removal. On August 20, 2008, in accordance with Local Rules 3.01(a) and 4.02(c), State Farm filed a memorandum of law (Doc. 9) in support of its Motion to Dismiss. The Plaintiff filed no response to the Motion to Dismiss, but on October 2, 2008, the parties filed a Case Management Report (Doc. 13), which makes no reference to the pending Motion to Dismiss. The Court scheduled a hearing on the Motion to Dismiss which ultimately was held on October 15, 2008, after a request for continuance by Plaintiff's counsel due to illness. See Docs. 14-17.

On October 14, 2008, the afternoon before the scheduled hearing on the Motion to Dismiss, the Plaintiff filed her Amended Complaint (Doc. 19), adding an additional count of malicious prosecution against non-diverse Defendant Hiday & Ricke, and a Motion to Remand (Doc. 20), unsupported by a memorandum of law. The Court conducted the scheduled hearing on October 15, 2008, and as a result of the Plaintiff's filing of the Amended Complaint (Doc. 19), the pending Motion to Dismiss (Doc. 4) was terminated to

permit further proceedings on the Amended Complaint (Doc. 19). See Docs. 21 and 22.

Defendant State Farm filed its Motion to Strike/Dismiss (Doc. 23) on October 28, 2008, and a memorandum (Doc. 25) opposing the Motion to Remand on October 31, 2008. The Plaintiff filed a memorandum (Doc. 27) in support of her Motion to Remand, without leave of Court, on November 7, 2008.

On November 10, 2008, Defendant Hiday & Ricke filed its Answer and Affirmative Defenses (Doc. 29), Motion for Judgment/Summary (Doc. 30/34), and Response (Doc. 32) to the Motion to Remand adopting Defendant State Farm's response. On November 20, 2008, the Court set the three pending motions, Plaintiff's Motion to Remand (Doc. 20), Defendant State Farm's Motion to Strike/Dismiss (Doc. 23), and Defendant Hiday & Ricke's Motion for Judgment/Summary (Doc. 30/34) for hearing on December 10, 2008.

On November 21, 2008, Defendant Hiday & Ricke filed a Certificate of Service of Motion for Sanctions (Doc. 36) with the Court, indicating that it had served motions for sanctions under Fed.R.Civ.P. 11 and Florida law on the Plaintiff, who would have have 21 days to dismiss the case against Defendant Hiday & Ricke before the motions for sanctions would be filed with the Court. On December 3, 2008, "Plaintiff's Opposition to Judgment on the Pleadings ... Summary Judgment and ... Sanctions ..." (Doc. 37) was filed. As of the date of this Order, no motion for sanctions has been filed with the Court.

The Court now proceeds with its analysis of the pertinent facts and legal authority to resolve the parties' pending motions.

Analysis

Plaintiff's Motion to Remand (Doc. 20) and Defendant State Farm's Motion to Strike/Dismiss (Doc. 23) both raise the preliminary issue of whether the Plaintiff should be permitted to add Hiday & Ricke, a non-diverse party, as a defendant in this case, when such joinder will destroy the Court's diversity jurisdiction and require remand of this case to state court. Plaintiff's Amended Complaint (Doc.19) names Hiday & Ricke, a non-diverse party, as a defendant, and asserts a cause of action against it for malicious prosecution. The joinder of Defendant Hiday & Ricke destroys the Court's diversity jurisdiction which existed at the time of removal.

Title 28, United States Code, Section 1447(e) states that "if after removal the plaintiff seeks to join additional defendant whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." As a result, the Plaintiff is required to seek leave of Court before joining a non-diverse defendant in this case. The Plaintiff did not do so, and on that basis, Defendant State Farm, joined by Defendant Hiday & Ricke, seeks to strike or dismiss Plaintiff's Amended Complaint (Doc. 19).

Section 1477 (e) requires the Court to evaluate the prejudice to the parties and to exercise its discretion to either to deny joinder, or to permit joinder and remand the case to state court. See Ingram V. CSX Transportation, Inc., 146 F.3d 858, 862 (11th Cir. 1998). The Court is mindful of its duty to protect against the prejudice that could result from parallel proceedings in federal and state courts with potentially inconsistent results and the accompanying waste of judicial resources, as well as its obligation to protect the interest

of the non-diverse party in federal forum. See Hensgens v. Deere & Company, 833 F.2d 1179, 1182 (5th Cir. 1987).

The factors the Court must consider in determining whether to permit the filing of an amended complaint joining a non-diverse defendant that will require remand of the case to state court are: 1) the extent to which the purpose of amendment is to defeat diversity; 2) whether the plaintiff diligently requested the amendment; 3) whether the plaintiff would be significantly prejudiced if amendment is not permitted; and 4) any other equitable factors. Hensgens, 833 F.2d at 1182. The Court must balance these four factors and exercise its discretion in deciding whether or not to allow the joinder of a non-diverse defendant that will require remand of this case. Such greater scrutiny of a proposed amendment is warranted when a plaintiff seeks to add a non-diverse defendant after removal. Id.

The Plaintiff asserts that joinder in this case is not for the sole or primary purpose of destroying diversity jurisdiction, and that if joinder is not allowed, she will be prejudiced by the strong probability of having to conduct two lawsuits in separate forums. The Plaintiff urges the Court to balance the likelihood of parallel federal and state proceedings in her favor, against Defendant State Farm's interest in retaining a federal forum.

In opposing the Motion to Remand, and in it's Motion to Strike/Dismiss (Doc. 23), State Farm makes several arguments to support its position that the Plaintiff's Amended Complaint (Doc. 19) must be stricken and her Motion to Remand (Doc. 20) denied. Such arguments include the Plaintiff's violation of various rules of procedure, that the record and procedural history of the case make clear that Plaintiff is attempting to join a non-diverse defendant solely for the purpose of defeating federal diversity jurisdiction and having the

case remanded to state court, and that Plaintiff cannot state a claim for malicious prosecution against either defendant.

The Plaintiff did not file a response to Defendant State Farm's Motion to Strike/Dismiss (Doc. 23), but the Court has considered the arguments set forth in her memorandum of law (Doc. 27) in support of her Motion to Remand (Doc. 20), those made by counsel during the hearing on the pending motions, as well pertinent arguments contained in "Plaintiff's Opposition to Judgment on the Pleadings ... Summary Judgment and ... Sanctions ..." (Doc. 37). The Court now addresses each of the four factors identified above which both parties agree are relevant to a determination of whether joinder of non-diverse Defendant Hiday & Ricke should be permitted pursuant to 28 USC 1447(e).

The timing and other circumstances surrounding the Plaintiff's filing of her Amended Complaint (Doc. 19) and Motion to Remand (Doc. 20) strongly suggest that the purpose of amendment is to defeat federal diversity jurisdiction. The Plaintiff took no steps to contest removal, that is to oppose that the Court indeed had diversity jurisdiction on August 7, 2008, when the case was removed, or to add the non-diverse defendant, until the case had been pending for some two months in this Court (nine months since originally filed in state court). The Plaintiff's attempt to add a non-diverse defendant also occurred only after the parties had filed a Case Management Report and the Court had scheduled a hearing on State Farm's Motion to Dismiss (Doc. 4) that had been filed in state court, to which the Plaintiff had not filed a response. Her Amended Complaint (Doc. 19) and Motion to Remand (Doc. 20) were filed on the eve of the scheduled hearing, and her Motion to Remand (Doc. 20) was not supported by a memorandum of law at the time of filing. The Court is of the opinion that such circumstances strongly suggest that the Plaintiff seeks

to amend her Complaint (Doc. 2) in order to defeat subject matter jurisdiction. Cf. Duckworth v. State Farm Mutual Automobile Insurance Company, No. 6:07-cv-2014-Orl-22DAB, 2008 WL 495380 (M.D. Fla. February 20, 2008).

Moreover, the Plaintiff has been dilatory in seeking amendment. There appears to be no valid reason for the Plaintiff's failure to join non-diverse Defendant Hiday & Ricke at the commencement of the suit in state court, or during the 7 months the case was pending in state court, during which time Plaintiff knew or should have known that defendant State Farm was attempting to establish a basis to remove the case to federal court. It also is apparent from the Plaintiff's Complaint (Doc. 2 at ¶¶ 8-9), that she knew of the existence of Defendant Hiday & Ricke, yet described Defendant State Farm as the sole cause of her injuries at that time. Cf. Id.

The Plaintiff will not be significantly prejudiced if amendment denied, in that Hiday & Ricke is not an indispensable party,[1] and the Plaintiff is free to pursue any claims against Hiday & Ricke in state court. Prejudice to the Plaintiff also is lessened by the existence of genuine questions regarding whether she may maintain a malicious prosecution action against Hiday & Ricke. Moreover, by having the case remanded at this juncture, Defendant State Farm would be prejudiced in having uselessly engaged in discovery in state court to establish diversity jurisdiction in order to exercise its right to a federal forum, when the existence of the non-diverse defendant was known to the Plaintiff from the date of filing of the Complaint (Doc.2).

---

[1] The Plaintiff has described Defendant Hiday & Ricke as a joint tortfeasor in causing the Plaintiff's alleged injuries. The notes to Fed.R.Civ.P. 19 pertaining to required joinder of parties explain that "a tortfeasor with the usual 'joint and several' liability is merely a permissive party to an action against another with like liability."

7

The Court further finds that no other factors, equitable or otherwise, outweigh the factors cited herein which weigh heavily in favor of finding that joinder is inappropriate. The Court will thus exercise its discretion to deny joinder in this case.

Accordingly, the Court will grant State Farm's Motion to Strike/Dismiss (Doc. 23), and strike Plaintiff's Amended Complaint (Doc. 19) with prejudice as to her ability to join Defendant Hiday & Ricke as a defendant in this case. Such ruling renders moot Plaintiff's Motion to Remand (Doc. 20) and Defendant Hiday & Ricke's Motion for Judgment/Summary (Doc. 30/34).

For the reasons discussed below, the Court also is of the opinion that the Plaintiff should be given an opportunity to amend her original Complaint (Doc. 2) against State Farm to attempt to properly assert a cause of action for malicious prosecution, or some other cause of action. In order to establish a cause of action for malicious prosecution under Florida law, the Plaintiff must establish that: 1) an original civil or criminal judicial proceeding against the present plaintiff was commenced or continued; 2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; 3) the termination of the original proceeding constituted a bone fide termination of that proceeding in favor of the present plaintiff; 4) there was an absence of probable cause for the original proceeding; 5) there was malice on the part of the present defendant; and 6) the present plaintiff suffered damages as a result of the original proceeding. See, e.g., Alamo Rent-A-Car, Inc., v. Mancusi, 632 So.2d 1352, 1355 (Fla. 1994).

Defendant State Farm contends that it instituted the original civil subrogation action against a defendant named Kim Austin, the owner a vehicle loaned to Berneka Lashonda

Glover, who was at fault in causing an accident requiring Defendant State Farm to pay its insured. Once the Final Judgment was obtained against Kim Austin in the original action, State Farm turned the matter over to Defendant Hiday & Ricke for collection, and such collection was erroneously pursued against the Plaintiff in an apparent case of mistaken identity. Defendant State Farm's position is that the Plaintiff cannot state a claim for malicious prosecution against it under these facts, because among other reasons, the civil action was never commenced against the present Plaintiff, who states in an affidavit that she never owned or purchased the vehicle involved in the original action, nor had she ever lived at the addresses alleged therein. See Doc. 30, Exhibit A.

The Plaintiff's original Complaint (Doc. 2) does not make allegations sufficient to establish each required element of the cause of action of malicious prosecution and several allegations contained therein must be clarified in light of the proceedings thus far. For example, in her Complaint (Doc. 4), as well as in the affidavit cited above, the Plaintiff asserts that she was not involved in a car accident and did not owe Defendant State Farm any money. There is no allegation that such accident involving a car owned by a person named Kim Austin never occurred. It does not appear from the record as it stands that the present Plaintiff was involved in the underlying suit or mentioned in any document therein until perhaps the Final Judgment which shows a copy to Kim Austin Antoine. See Doc. 30, Exhibit B.[2] All of the other documents identified by the Plaintiff thus far as establishing that

---

[2] The Final Judgment in the underlying action indicates that a copy was distributed to Kim Austin Antoine. The Court is unable to determine from the record before it whether the address indicated for Kin Austin Antoine on the Final Judgment is or was that of the present Plaintiff. That address is different from the addresses shown on various post-judgment documents the Plaintiff claims were directed mistakenly to her.

the original proceedings were initiated against her are post-judgment documents utilized in an attempt to collect the Final Judgment.

It appears to the Court that in order to maintain a cause of action against Defendant State Farm for malicious prosecution, the Plaintiff must either be able to establish that she was the intended original defendant from the onset of the original subrogation litigation, or that Florida law would support extending such cause of action to a situation involving the alleged malicious or erroneous attempt to collect the Final Judgment.

Because the record before the Court establishes numerous questions as to whether the Plaintiff may maintain a cause of action for malicious prosecution against Defendant State Farm, the Plaintiff should carefully examine the factual and legal bases for any cause of action before filing any Second Amended Complaint, and be prepared to address the likely factual and legal challenges which have been raised throughout the proceedings thus far. Therefore, it is

**ORDERED AND ADJUDGED:**

1. That Defendant State Farm Mutual Automobile Insurance Company's Motion to Strike and/or Dismiss Plaintiff's Amended Complaint (Doc. 23) is granted;

2. That Plaintiff's Amended Complaint (Doc. 19) is stricken with prejudice as to any joinder of Defendant Hiday & Ricke, P.A., but with leave to amend;

3. That Plaintiff Kim Antoine's Motion to Remand (Doc. 20) and Defendant Hiday & Ricke, P.A.'s Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment (Doc. 30/34) are denied as moot; and

4. That the Plaintiff shall have until February 16, 2009, to file a Second Amended Complaint, if the Plaintiff intends to proceed with this action.

**DONE AND ORDERED** this 14TH day of January 2009

*Howell W. Melton*
SENIOR UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record