UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIM ANTOINE,

      Plaintiff,

v.                                          Case No.3:08-cv-787-J-12TEM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

## O R D E R

This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint With Prejudice (Doc. 49)(motion to dismiss), filed May 28, 2009. Plaintiff's Opposition to Defendant's Motion to Dismiss Third Amended Complaint (Doc. 54), was filed on June 15, 2009. On July 1, 2009, the Court conducted a hearing on the motion. For the reasons set forth below, the Court will grant Defendant's motion to dismiss and dismiss Counts I, III, IV, V, and VI of Plaintiff's Third Amended Complaint (Doc. 47) with prejudice and Counts II and VII without prejudice.

Plaintiff's Third Amended Complaint (Doc. 47) attempts to assert seven causes of action arising from the Defendant's alleged erroneous attempt to collect a state court judgment against the Plaintiff. The Court will discuss the viability of each count in turn, applying the familiar standard of review for motions to dismiss under Fed.R.Civ.P.12(b)(6). For purposes of deciding the motions to dismiss, the Court accepts the allegations in Plaintiff's Third Amended Complaint (Doc.47) as true and views the facts in the light most favorable to the Plaintiff. See, e.g., Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Quality Foods De Centro Amer. v. Latin Amer. Agribusiness Dev. Corp., 711 F.2d 989,

994-95 (11th Cir. 1983). "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)(internal quotation marks omitted).

**Count I – Malicious Prosecution**

In order to establish a cause of action for malicious prosecution under Florida law, the Plaintiff must establish that: 1) an original civil or criminal judicial proceeding against the present plaintiff was commenced or continued; 2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; 3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; 4) there was an absence of probable cause for the original proceeding; 5) there was malice on the part of the present defendant; and 6) the present plaintiff suffered damages as a result of the original proceeding. See, e.g., Alamo Rent-A-Car, Inc., v. Mancusi, 632 So.2d 1352, 1355 (Fla. 1994); Zinojinovich v. Ritz Carlton Hotel Co., LLC, 445 F.Supp.2d 1337, 1346 (M.D.Fla. 2006).

Plaintiff contends that Defendant State Farm initiated a lawsuit in state court against defendants Kim Austin and Berneka Lashonda Glover. Doc. 47 at ¶ 4 and Exh. A. Plaintiff states that she was not named in that complaint nor did she receive proper notice of the complaint or hearing date. Id. at ¶ 6. The Final Judgment in the state court action names Kim Austin as a co-defendant, but shows at the bottom of the page that a

copy was furnished to Kim Austin Antoine at an address where the Plaintiff has never resided. Id. at Exh. B and ¶¶ 8 and 11. Plaintiff asserts that "[t]his appears to be the first time Kim Austin Antoine was engaged in the litigation." Id. at ¶ 9. Plaintiff also maintains that she was not involved in the car accident that gave rise to the state court litigation. Id. at ¶ 12. Plaintiff asserts that Defendant used the state court Final Judgment to attempt to collect the debt owed by Kim Austin from Plaintiff, Kim Alston Antoine, and hired Hiday & Ricke, P.A. to continue collection efforts. Id. at ¶¶ 10 and 14.

Defendant State Farm's position is that the Plaintiff cannot state a claim for malicious prosecution against it under these facts, because the original civil action was commenced against Kim Austin, not against the present Plaintiff, Kim Alston Antoine. The Defendant argues that Plaintiff's admissions that she was not named in the state court complaint and that the first time Kim Austin Antoine appears to have become involved in the state court litigation is when a copy of the Final Judgment was mailed, are fatal to this cause of action. See Id. at ¶¶ 6 and 8-9.

In its Order (Doc. 39) dismissing Plaintiff's Amended Complaint, the Court noted that:

> [i]t appears to the Court that in order to maintain a cause of action against Defendant State Farm for malicious prosecution, the Plaintiff must either be able to establish that she was the intended original defendant from the onset of the original subrogation litigation, or that Florida law would support extending such cause of action to a situation involving the alleged malicious or erroneous attempt to collect the Final Judgment.

The Plaintiff did not attempt to reassert her cause of action for malicious prosecution in her Second Amended Complaint (Doc. 40), but has included it in her Third Amended Complaint (Doc. 47).

3

The Plaintiff argues that although the original state court lawsuit was not instituted against her, original judicial proceedings concerning the collection of the judgment were instituted or continued against her, such that she is entitled to maintain a cause of action for malicious prosecution under Florida law. The allegations in Count I of her Third Amended Complaint (Doc. 47) upon which Plaintiff relies to state her claim for malicious prosecution include: 1) that the state court set aside its Final Judgment as to the Plaintiff, Kim Alston Antoine, and directed that no further collection efforts be made against her (¶ 36 and Exh.E); 2) the Defendant filed a voluntary dismissal as to Kim Austin (¶ 37 and Exh.F); 3) the Defendant had no probable cause to proceed with collection efforts against Plaintiff due to knowledge of her different name, address and social security number (¶ 38); 4) with knowledge that Plaintiff was not Kim Austin, the Defendant filed an Affidavit in state court utilizing the Plaintiff's social security number and address stating that Kim Austin was also known as Kim L. Alston (¶ 39 and Exh. C); 5) the Defendant's continuation of process against her after receiving information establishing she was not Kim Austin could be viewed as malicious (¶ 40); 6) the Defendant obtained the Plaintiff's personal information under the misrepresentation that it would be used to establish that she is not Kim Austin (¶ 41); and 7) the Defendant utilized her personal information to have her drivers' license suspended (¶ 42).

Plaintiff admits that she was not the original intended defendant in the original state court action. See Doc. 47 at ¶¶ 6 and 8-9. The state court so noted in its Order (Doc. 47, Exh. E) setting aside the state court Final Judgment as to the Plaintiff when it stated that "the facts presented by Kim Alston Antoine exonerates [sic] her of all allegations and charges showing her not to be the co-defendant alleged in Plaintiff's [State Farm's] original

complaint dated March 3, 2002." As a result, she must establish that Florida law would support extending a cause of action for malicious prosecution on the basis of Defendant State Farm's alleged attempt to collect the state court judgment against her.[1]

Primarily at issue is the first required element of a cause of action for malicious prosecution that an original civil or criminal judicial proceeding against the present plaintiff was commenced or continued." See, e.g., Alamo Rent-A-Car, 632 So.2d at 1355; Zinojinovich., 445 F.Supp.2d at 1346. In support of her position, the Plaintiff relies on Rushing v. Bosse, 652 So.2d 869, 874 (Fla. 4th D.C.A. 1995), which holds that "[n]one of the earlier supreme court opinions nor prior opinions of this court hold that the plaintiff in the malicious prosecution action must be actually named as the defendant in the first proceeding ... *although this would logically follow in most types of civil and criminal proceedings* (emphasis added)." She asserts that this case demonstrates that Florida law would support her cause of action for malicious prosecution even though she was not named in the original state court suit because judicial collection proceedings stemming from it were continued against her.

The Court disagrees. The plaintiff in the malicious prosecution action in the Rushing case was the child involved in a contested adoption proceeding. Although the child was not the defendant in the adoption proceeding, the court in Rushing found that the person who is a victim of an unfounded original proceeding, such as an adoption proceeding or

---

[1] For purposes of ruling on the motion to dismiss, the Court assumes that Defendant State Farm undertook all the actions alleged in the Third Amended Complaint (Doc. 47) to collect the state court judgment. Plaintiff's Third Amended Complaint however, is unclear. For example, some of her allegations concerning Count I for malicious prosecution refer to Hiday & Ricke, P.A., agents of the Defendant hired to collect the judgment, as "Defendants." See Doc. 47 at ¶¶ 33 and 35.

a proceeding for a declaration of insanity, may maintain an action for malicious prosecution, as these types of proceedings involve the person's involuntary seizure or deprivation of liberty. 652 So. 2d at 874. The Rushing court also noted that the child was the actual subject of the adoption, was named in the caption, and that "the commencement and continuation of the adoption proceeding had the effect of removing the child from her home, allegedly resulting in harm." Id. at 875.

Even though she was not the named defendant in the original civil judicial proceeding, the child who sought to assert a claim for malicious prosecution was clearly the intended object of both the original and continued proceedings in that case. The Rushing case simply does not support extending Florida law to the present situation involving an original civil proceeding commenced against one person and the attempt to collect a final judgment in that case against a completely different person. The Court agrees, as the Rushing court noted, that it logically follows that in most types of civil and criminal judicial proceedings, the person against whom the original judicial proceeding was commenced or thereafter continued is the one who is entitled to bring a cause of action for malicious prosecution to recover damages for harm allegedly resulting therefrom. See Id. at 874.

The Court also finds significant that the Rushing court held that the child's grandmother and great-grandmother were not entitled to bring malicious prosecution actions in their individual capacities, because they were neither the subject of the adoption proceeding nor was it directed against them. Id. at 875. Likewise in this case, the Plaintiff was not the subject of the original judicial proceeding initiated by the Defendant, the state court suit against Kim Austin, nor was it directed against her.

Plaintiff also relies upon a 1945 case from the Kansas City Court of Appeals, <u>Jones v. Phillips Petroleum Co.</u>, 186 S.W. 2d 868, (Mo. App. 1945) which allowed a cause of action for malicious prosecution in a garnishment proceeding by a plaintiff with the same name as a judgment debtor, whose wages were allegedly improperly garnished in a case of mistaken identity. The Court is unwilling to extend the cause of action for malicious prosecution to the facts alleged in this case on the basis of the <u>Jones</u> case, primarily because it does not address Florida law. In fact, the <u>Jones</u> court noted that the two essential elements of Missouri law at that time with regard to an action for malicious prosecution were probable cause and malice. 186 S.W. 2d at 876. The <u>Jones</u> court's analysis regarding mistaken identity focuses on the element of probable cause, which is not an element at issue in this case. Without reliance upon or discussion of a requirement similar to Florida's that an original civil or criminal judicial proceeding be commenced or continued against the present plaintiff, or the ability to compare decisions of both jurisdictions interpreting such similar element of the cause of action, the Court cannot rely on such authority in ruling on an issue of Florida law.

As they relate to the Defendant State Farm, with respect to Count I, of the seven allegations identified above which the Plaintiff relies upon to establish her malicious prosecution claim, the first six all are related to or stem from the filing of the state court subrogation action against Kim Austin. Defendant State Farm's alleged actions to collect the state court judgment are a continuation of that original civil judicial proceeding, that is, of its filing of the lawsuit against Kim Austin in state court. Morever, none of the allegations could be viewed as the commencement or continuation of an original civil judicial proceeding by the Defendant against the Plaintiff. Proceedings related to setting aside the

Final Judgment and the filing of an affidavit are not original civil judicial proceedings. The only original civil judicial proceeding identified by the Plaintiff which was initiated or continued by the Defendant is the filing of state court suit against Kim Austin.

The seventh allegation concerns the Defendant's use of her personal information to have her driver's license suspended. The Court is of the opinion that even if the Defendant did commence this proceeding against the Plaintiff, it is not a civil or criminal judicial proceeding and thus cannot form the basis for malicious prosecution under Florida law. The Florida Division of Driver Licenses is a division of the Florida Department of Highway Safety and Motor Vehicles, part of the executive branch of the government of the State of Florida. Fla. Stat. § 20.24 As such, its proceedings are not judicial proceedings. Moreover, in finding that "the facts presented by Kim Alston Antoine exonerates [sic] her of all allegations and charges showing her not to be the co-defendant alleged in Plaintiff's [State Farm's] original complaint dated March 3, 2002," and directing Defendant State Farm to "request the reinstatement of the Drivers Licence of Kim Alston Antoine," the state court acknowledged that it did not have authority in that civil judicial proceeding to direct a division of the executive branch of government to reinstate her license. See Doc. 47, Exh. E.

Based upon the foregoing discussion, the Court finds that under Florida law, the Plaintiff cannot meet the first required element of a cause of action for malicious prosecution as a matter of law, based upon the allegations that she has made. She cannot establish that the Defendant commenced or continued an original civil or criminal judicial proceeding against her.

The Court is mindful of the fact that Fed.R.Civ.P. 15(a)(2) prescribes that leave to amend should be freely given when justice so requires. Nevertheless, discretion to permit amendment may be denied based upon a substantial reason, such as undue delay, futility, repeated failure to cure deficiencies in the complaint by amendments previously allowed, and undue prejudice to the opposing party by virtue of permitting amendment. See, e.g., Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999)(citations omitted).

The Court finds that in addition to the futility of amendment discussed above, the Plaintiff's repeated failures to cure deficiencies in the three previous complaints she filed prior to her Third Amended Complaint (Doc. 47), and the resulting delay and prejudice to the Defendant in allowing the Plaintiff yet a fifth attempt to state a cause of action for malicious prosecution, are substantial reasons to deny further opportunity to amend this count, as such opportunity would not serve the interest of justice in this case.

For the reasons stated above, the Court will dismiss Count I of Plaintiff's Third Amended Complaint with prejudice.

**Count II – Abuse of Process**

The elements of a cause of action for abuse of process under Florida law are: 1) an illegal, improper, or perverted use of process by the defendant; 2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and 3) damages to the plaintiff as a result. See, e.g., Hardick v. Homol, 795 So. 2d 1107, 1111 n. 2 (Fla. 5th D.C.A. 2001). The Plaintiff has satisfied the second element, as discussed below, as well

as the third element, (see Doc. 47, ¶ 51), but the Court is of the opinion that some questions exist regarding whether she has met the first element.

Under Florida law, "[a] cause of action for abuse of process requires a showing of willful and intentional misuse of process for some wrongful and unlawful object or collateral purpose," that is, it requires use of process in a manner or for a purpose for which it was not intended or a "perversion of the process after its issuance." Peckins v. Kaye, 443 So. 2d 1025, 1026 (Fla. 2d D.C.A. 1983). "There is no abuse of process when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior motive." Thomas McKinnon Securities, Inc. v. Light, 534 So.2d 757, 759 (Fla. 3d D.C.A. 1988)(citation omitted).

Regarding the second element, the Plaintiff alleges that the Defendant attempted to collect monies from her that it was made aware she did not owe, and in her response to the motion to dismiss, states that "[b]ecause Plaintiff did not owe a debt, Defendant's threats and use of judicial process may be viewed as an attempt to extort money." Doc. 47 at ¶ 47 and Doc. 54 at p. 7. In her Third Amended Complaint, the Plaintiff does not specify any threats made by the Defendant or specifically label the Defendant's alleged conduct as extortion.

"[T[he usual case of abuse of process involves some form of extortion," so use of criminal or civil legal process knowingly to attempt to collect a debt not owed may satisfy the element requiring that process was used "primarily to accomplish a purpose for which it was not intended." See, Scozari v. Barone, 546 So. 2d 750, 751 (Fla. 3d D.C.A. 1989)(citations omitted).

Regarding the first element, the Plaintiff also alleges that the "Defendant wilfully and intentionally misused civil proceedings against Plaintiff." Doc. 47 at ¶ 49. In Count II, she identifies the Defendant's abuse of process as "a) filing an affidavit with the Court stating that Plaintiff was Kim Austin, a defendant in case number 2002-6822-CA, b) suspending the Plaintiff's driver's license, and c) sending collection letters on a debt that was not owed by Plaintiff." Doc. 47 at ¶ 46. Abuse of process "involves the use of criminal or civil legal process against another...." Scozari, 546 So. 2d at 751.

The Court is of the opinion that Plaintiff's allegations are unclear as to the nature of the civil or criminal legal process at issue in Count II, and the manner in which the Defendant may have used them against the Plaintiff. The filing of an affidavit in state court by the Defendant cannot not constitute abuse of civil legal process without anything further. As discussed above regarding Count I, the matter of driver's licenses is committed to the executive branch of the government, and the Plaintiff has not identified any civil or criminal legal process that was involved in the suspension. Collection letters sent by the Defendant likewise do not constitute civil or criminal legal process. Because the Plaintiff fails to identify sufficiently the civil or criminal legal process that the Defendant, State Farm allegedly abused, or the acts that constitute such abuse, this count must be dismissed for failure to state a cause of action.

Nevertheless, with regard to this count only, the Court is of the opinion that the Plaintiff should given one final opportunity to attempt to state a claim, in the interest of justice, as this is the first time she has attempted to assert this cause of action. However, the Court further finds that because she has already had four opportunities to attempt to assert claims arising from the facts in this case, she should not be permitted to attempt to

assert any new causes of action in her fourth amended complaint, and that if she is unable to state a claim for abuse of process in her fourth amended complaint, a dismissal of this claim will be with prejudice. Therefore, the Court will dismiss Count II with leave to amend as stated.

**Count III – Florida Consumer Collection Practices Act**

In support of her cause of action under the Florida Consumer Collection Practices Act, Fla. Stat. § 559.541, et seq., the Plaintiff asserts that the Defendant is a debt collector and that the original state court cause of action arises out of a debt or consumer debt as defined by Fla. Stat. § 559.55(1). Doc. 47 at ¶¶ 53 and 55. Because under the facts alleged, the Plaintiff cannot establish as a matter of law that the debt involved is a consumer debt, the Court will dismiss this count with prejudice.

Under the Florida Consumer Collection Practices Act, a debt or consumer debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." Fla. Stat. § 559.55(1). According to the facts alleged in the Third Amended Complaint (Doc.47), Defendant State Farm is not a debt collector, but rather a judgment debtor attempting to collect on a civil judgment. All of Plaintiff's causes of action concern the Defendant's alleged erroneous attempt to collect that judgment against her instead of against Kim Austin. The debt represented by the civil judgment simply is not a consumer debt.

The civil judgment which creates the debt results from a tort, a motor vehicle accident. See Doc. 47, Exh. A. The debt in this case does not result from a transaction, that is, a business dealing or some other consensual obligation, but from tortious conduct and so does not constitute a consumer transaction. See Fuller v. Becker & Poliakoff, P.A., 192 F.Supp. 2d 1361,1367 (M.D. Fla. 2002)(citation omitted)(discussing what constitutes a debt under the federal Fair Debt Collection Practices Act, which has the same definition of debt as the Florida Consumer Collection Practices Act).

Merely because an insurance policy purchased by a consumer is involved in the case does not render any debt resulting thereunder a consumer debt. If the underlying debt had to do with payment for the coverage under the policy, it might constitute a consumer debt, but the debt under the insurance policy in this case arose when the state court found Kim Austin to be at fault in a tort action, and therefore liable to repay Defendant State Farm under the terms of the policy. As a result, the alleged debt in this case in no way involved a consumer transaction involving primarily personal family or household purposes.

Because Plaintiff's allegations cannot support this cause of action and because she has had four opportunities to attempt to assert such cause of action, for the reasons set forth above with respect to Count I, the Court will not permit further amendment and will dismiss Count III with prejudice.

## Count IV – Florida Deceptive and Unfair Trade Practices Act

The Plaintiff alleges that she is entitled to recover against the Defendant for the following actions which violate the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq.: 1) sending Plaintiff demand letters on a debt not owed; 2) telephone contact regarding a debt not owed; 3) suspension of her driver's license; 4) obtaining her personal information; and 5) using such personal information as the personal information of another to collect a debt not owed. Doc.47 at ¶64. The Plaintiff did not address the viability of this claim in her response to the motion to dismiss (Doc. 54).

Pursuant to Fla. Stat. § 501.212(4)(d), the Florida Deceptive and Unfair Practices Act does not apply to insurance companies regulated under the laws administered by the former Department of Insurance, now the Department of Financial Services. The Defendant State Farm Mutual Automobile Insurance Company, as its name reflects, is an insurance company. See also, Doc. 47, Exh. A at ¶ 2. Therefore, no cause of action may be maintained against it under the Florida Deceptive and Unfair Trade Practices Act. Because Plaintiff's allegations cannot support this cause of action under any set of facts, the Court will dismiss Count IV with prejudice.

## Count V – Federal Fair Debt Collection Practices Act

For the reasons stated above with regard to Count III under the Florida Consumer Collection Practices Act, Plaintiff's allegations do not support this cause of action under the Federal Fair Debt Collection Practices Act's, 15 U.S.C. § 1692, et seq., definition of debt

in § 1692(a). Therefore, the Court will dismiss Count V with prejudice and without leave to amend.

**Count VI – Federal Fair Debt Reporting Act**

The Plaintiff alleges that the Defendant violated the federal Fair Debt Reporting Act, 15 U.S.C. § 1681, et seq., which makes it unlawful to knowingly furnish inaccurate information to a credit reporting agency, by improperly reporting the state court Final Judgment as a debt owed by the Plaintiff to consumer credit reporting agencies and because it did not take proper action to correct such inaccurate information upon notice that it had made a false report. Doc. 47 at ¶ 83. This cause of action likewise must be dismissed as a matter of law.

The Plaintiff attempts to assert a cause of action for violation of 15 U.S.C. § 1681s-2(a)(1)(A) and (B) prohibiting the furnishing of information relating to a consumer to any consumer reporting agency if the person knows or has reasonable belief that the information is inaccurate, or after notice by the consumer that the information is inaccurate. Sections 1681(n) and (o) respectively, address civil liability for willful and negligent noncompliance. Section 1681s-2(c) states that the sections regarding civil liability for noncompliance, §§ 1681(n) and (o), do not apply to violations of §1681s-2(a). Pursuant to § 1681s-2(d), the provisions of §1681s-2(a) may be enforced exclusively as provided under § 1681s by the Federal agencies and officials and the State officials identified therein. In other words, there is no private right of action under 15 U.S.C. § 1681s-

2(a)(1)(A) and (B). As a result, Plaintiff's allegations cannot support this cause of action as a matter of law, and the Court will dismiss Count VI with prejudice.

**Count VII – Punitive Damages**

Plaintiff's response to the motion to dismiss (Doc. 54) does not address the issue of whether she may state a separate cause of action for punitive damages. As the Defendant points out, punitive damages are an element of damages, if recoverable by law, in a cause of action and not properly alleged as a separate cause of action. The Court will dismiss Count VII as well, but without prejudice to the Plaintiff's right to properly plead a claim for punitive damages, if applicable, in any further amended complaint..

For the foregoing reasons, it is

**ORDERED AND ADJUDGED:**

1. That Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint With Prejudice (Doc. 49) is granted as to Counts I, III, IV, V, and VI, and is granted but with leave to amend as to Counts II and VII as set forth above; and

2. That the Plaintiff shall have until August 31, 2009, to file a fourth amended complaint in accordance with this Order.

**DONE AND ORDERED** this \_\_11TH\_\_ day of August 2009

*Howell W. Melton*
SENIOR UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record